SCHOTT, Judge,
concurring:
The most difficult aspect of this complicated case is the granting of Whitney’s motion for judgment n.o.v. on the jury’s conclusion that Whitney had agreed to a forbearance on or an extension of the $318,000 note.
Smith pled these facts: He was induced into selling franchise rights in a retail com-, puter operation and pledging to Whitney notes given him by the purchaser for the price by a promise made by Whitney’s officer, Hogan, to apply the proceeds from the pledged notes to Smith’s personal note for $114,500 and to give him a moratorium on the $318,000 note for a year so that Smith could organize his small business financing enterprise. However, as soon as Hogan got the pledged notes as security for the theretofore unsecured $144,500 note he violated his promise to forbear collection of the other note. Smith would not have sold the valuable franchise rights and would not have pledged the purchaser’s notes had it not been for Hogan’s misrepresentations.
Smith asked for a jury when he filed his answer. Whitney moved to strike the jury because C.C.P. Art. 1732 prohibits a jury trial in a suit on note unless the defense is fraud among other exceptions. Whitney argued in the trial court and it agreed that Smith’s defense, although labeled “fraud” by him, was nothing more than a breach of contract defense. Smith applied for writs to this court which refused stating there was no error in the trial court’s ruling. While this decision in questionable Smith acquiesced in the ruling by failing to apply for writs to the Supreme Court.
The trial of the case was bifurcated with the judge trying the main demand and the jury trying the reconventional demand which still contained the issue of fraud on Hogan’s part. The reconventional demand went to the jury on special verdicts based on nine questions to the jury. Question one was whether Smith proved that he and Hogan agreed to an extension of or forbearance as to the notes sued on. The jury answered yes.
Clearly, the issue of fraud was not included in this interrogatory, which is argued by Smith in this court to constitute reversible error. I agree that the issue should have been included and that the interrogatories were incomplete and misleading. But Smith failed to object to the form of the interrogatories so that the issue cannot be raised on appeal. He is limited to the issue of whether the jury could find a contract between Hogan and Smith for the debt moratorium. I differ with the majority on this issue and believe the jury could find such an agreement *795 based on the evidence and the instructions given them by the trial judge.
In his instructions to the jury the judge stated:
“Further, a verbal assurance upon which there is detrimental reliance may constitute a binding contract.”
If the jury believed Smith and disbelieved Hogan they could find these elements and find a contract. This is apparently what they did, and they awarded Smith a judgment for $750,000 because of Whitney’s breach of the agreement.
However, I conclude that Smith is not entitled to recover as a matter of law because he failed to prove his own compliance with the agreement. In his August 26 letter Smith proposed to Whitney that it defer collection on the $318,000 note for one year from September 1, 1982, “with the understanding that I am using my best efforts to realize proceeds from other operations of which you are aware, to make substantial payments on this note during the interim.”
Whitney filed this suit on February 7, 1983, almost five months after the agreement was supposedly made. In the meantime no payments were. The record is devoid of proof that Smith was using his best efforts to realize cash from other sources to make any payments. In other words, by February 7, Whitney was legally entitled to sue having already lived up to its end of the moratorium agreement while Smith failed to live up to his.
For the foregoing reasons, I agree with the result reached by my colleagues on the moratorium issue, and, in all other respects, I fully agree with the majority opinion.
AFFIRMED.